### In re BARTLETT.

### Intervention of CLEVELAND TRACTOR CO.

(District Court, N. D. Georgia. May 24, 1922.)

### No. 1421.

1. Bankruptcy ⬦140(1)—Trustee held not to acquire title to property sold to bankrupt, but not delivered nor paid for.

A trustee *held* not to have acquired title to tractors sold to bankrupt, accepted drafts, which were not paid, being taken for the purchase price, where the tractors were not delivered, but placed in charge of another as warehouseman, subject to seller's order, and never, with its consent, came into possession of bankrupt.

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2. Sales ⬤⟐465—Delivery essential to passage of title.**
> Under Civ. Code Ga. 1910, § 3318, a written retention of title by a seller, duly recorded, is necessary to prevent its passage as to third parties only where the property sold is delivered.

In Bankruptcy. In the matter of E. D. Bartlett, bankrupt, in which the Cleveland Tractor Company intervenes. On review of order of referee in favor of the Tractor Company. Affirmed.

The Cleveland Tractor Company sold to E. D. Bartlett eight tractors, taking for the purchase price drafts payable to itself, dated in the future, for the amount of the purchase price of each tractor, with interest to the maturity of the drafts; the drafts being accepted in writing by Bartlett. The tractors were placed in the hands of one Benson, who gave a receipt, purporting to be that of a warehouseman for each tractor, agreeing to deliver it to the order of the Cleveland Tractor Company, and he giving a bond to that company for fidelity as a warehouseman. The drafts were renewed several times, but payment was not made for the tractors. Benton moved to another city, and to save warehouse charges on the tractors they were put by Benton into a warehouse controlled by Bartlett, and Bartlett placed one of the tractors on exhibition in his place of business. Bartlett did not know of the existence of the warehouse receipts, and Benton testified that the placing of the tractors in Bartlett's warehouse was not intended as a delivery of them by him to Bartlett, or a waiver of certain interests which Benton himself claimed in the tractors. The evidence is uncontradicted that Benton's act in placing the tractors in Bartlett's warehouse, while it became known to the Cleveland Tractor Company four or five weeks before Bartlett's failure, was questioned by it, and not consented to. Benton did not exercise the vocation of warehouseman, but ran a garage, having no connection with the bankrupt. He had no warehouse license and gave no warehouse receipts, save those involved here.

Barry Wright, of Rome, Ga., and Bunn & Trawick, of Cedartown, Ga., for trustee.

Maddox, Lipscomb & Matthews, of Rome, Ga., for intervener.

SIBLEY, District Judge (after stating the facts as above). [1] The case does not turn upon the question whether Benton was a technical warehouseman, or upon the validity of his so-called warehouse receipts as such, but upon the question whether title to the tractors sued for has ever passed from the Cleveland Tractor Company as regards the bankrupt and his creditors. That there was a valid contract of sale of the tractors, the acceptances being the equivalent of notes for their purchase price, cannot be disputed, but the sale remained executory, and no title passed to the tractors, unless they were delivered to the purchaser. Code Ga., § 4125. As the purchase price was not paid, the seller might rescind the contract of sale and terminate its obligation to deliver. The tractors were in Cedartown when the contract of sale was made. Instead of being delivered to the purchaser, they were put in the possession of Benton, as the seller's bailee; he having no connection with the purchaser. Receipts were not necessary to retain title in the seller, but were taken to make certain the character in which Benton held the machines, and to provide, by their surrender to the purchaser on payment, a convenient authority for Benton to deliver to the purchaser for the seller. Although actual possession may

⬤⟐For other cases see same topic & KEY-NUMBER in 'all Key-Numbered Digests & Indexes

have been taken by the bankrupt before his failure, it was without authority from the Cleveland Tractor Company, and unconsented to by it, and contrary to the duty of Benton. It was not a delivery passing title, and was not so understood by Benton.

[2] The bankrupt has no title as against the seller. The creditors stand in no better case. There are no circumstances sufficient to estop the seller. A written retention of title, duly recorded, is necessary to prevent its passage as against third parties only where goods are sold and delivered. Code Ga., § 3318.

The judgment of the referee is affirmed.